UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
ROBERT CALENTINE, :
:
                                Plaintiff, :      24-CV-10051 (JMF)
:
                -v- :      ORDER APPROVING
:       SETTLEMENT
NEXUS POINT STRATEGIES, LLC, :
  RICHARD HORNER, and JAMES J. EAGAN, :
:
                             Defendants. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      The parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, advised the Court that they had agreed to a settlement. *See* ECF No. 18. By Order entered March 20, 2025, ECF No. 19, the Court directed the parties to submit a joint letter explaining the basis for the proposed settlement and why it should be approved, with reference to the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). *See* ECF No. 19.

      The Court, having reviewed the parties' letter, dated April 11, 2025, finds that the settlement is fair and reasonable, given both the nature and scope of Plaintiff's individual claim as well as the risks and expenses involved in additional litigation. *See Wolinsky*, 900 F. Supp. 2d at 335-36. The settlement approval is subject to the following condition: Any modification of the settlement agreement must be approved by the Court, regardless of any provision in the agreement that purports to allow the parties alone to modify it.

      In addition, Plaintiff seeks approval of $36,103.33 in attorney's fees and costs. *See* ECF No. 24. Although the proposed award of attorney's fees is high relative to the size of the Plaintiff's claim and recovery, the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is presumably based on an agreement between Plaintiff and his attorney. *See Picerni v. Bilingual Seit & Preschool Inc.*, 925 F. Supp. 2d 368, 377 n.3 (E.D.N.Y. 2013) ("Unless there is a basis to presume conflict and antagonism between the plaintiff and his attorney — i.e., that the plaintiff's attorney is receiving a larger fee at the expense of his client's wage claim . . . then the basis upon which the attorney's fee is determined should be of no interest to the court, just as it is of no interest in most other kinds of private litigation."). Additionally, courts in this Circuit typically approve attorneys' fees that range between 30% and 33%. *See Guzman v. Joesons Auto Parts*, No. 11-CV-4543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); *see also, e.g.*, *Silverstein v. AllianceBernstein LP*, No. 09-CV-5904 (JPO), 2013 WL 6726910, at

\*9 (S.D.N.Y. Dec. 20, 2013); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013). In line with that precedent, the Court approves the requested attorney's fees and costs. In doing so, it makes no finding with respect to the reasonableness of either counsel's hourly rates or the number of hours that counsel spent on the case.

Accordingly, the Court approves the settlement subject to the condition addressed above. The Court dismisses the case with prejudice. All pending motions are moot.

The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: April 15, 2025
New York, New York

_____
JESSE M. FURMAN
United States District Judge